PONDER, Judge.
Plaintiffs appealed from the dismissal of their suit requesting damages for the breach of a contract.
The issues are the presence of actual and apparent authority and the personal liability of a corporate employee.
We affirm.
Plaintiffs, Reverend Freeman and Kevin Stephens, taped a sermon and musical prelude which they wished to have made into a record album. Reverend Freeman went to Royal Shield Entertainment, Inc., defendant, and spoke with Sam Stewart, a salesman, and Rick Donell, the production manager of Royal Shield.
Plaintiffs and Stewart signed a recording contract by the terms of which 500 albums were to be produced for $1,925.00, $800.00 down, one-half of the balance upon completion of the master tape and the remainder when the albums were completed. The initial payment was made by check signed by Mr. Stephens and made out to Stewart after Stewart said he could make the check out to him or to Royal Shield. Stephens signed as producer and the name Royal Shield Entertainment, Inc., was not on the contract.
After Stewart did some work at the Royal Shield studio with other technicians, editing and preparing the master tape, he informed Reverend Freeman that the rest of the money was needed “up front”. The *561 latter delivered a check payable to Royal Shield in the amount of $225.00 and $900.00 cash. Donell cashed the check and gave the proceeds to Stewart.
After the expiration of the time limit, Mr. Stewart stalled for more time. Later, Royal Shield informed Reverend Freeman that Stewart no longer worked there and that they had no record of the contract. Reverend Freeman explained the situation to the Board of Directors of Royal Shield and asked for a refund. Royal Shield replied they would try to work something out to produce the record if Reverend Freeman would produce the cancelled checks. Reverend Freeman refused and filed suit.
The default judgment rendered against Sam Stewart was not appealed. The court rejected plaintiffs’ claim against Royal Shield and Rick Donell.
Reverend Freeman and Mr. Stephens argue that they thought they were dealing with Royal Shield at all times. However, Mr. Sheeler, the president of Royal Shield, testified that he informed Mr. Stewart that Royal Shield would charge $2,500.00 to produce Reverend Freeman’s album and Mr. Stewart replied that he had informed Reverend Freeman that he could get it done cheaper. Mr. Sheeler told Stewart to make it clear to Reverend Freeman that the production would not be a Royal Shield production.
The first issue is whether Stewart or Donell had actual authority to bind Royal Shield to a contract in the amount of $1,925.78.
The testimony established that Mr. Stewart had no authority to enter into a production contract for Royal Shield for less than $2,500.00. He was specifically informed that the production undertaken by him for a lower price would be his own, and not Royal Shield’s. Mr. Donell also understood that there was no express or implied authority to contract the lower price for Royal Shield. The trial judge was correct in finding no actual authority.
Plaintiffs next argue that Stewart and Donell had apparent authority to bind Royal Shield. The principal is bound if he acts in such a manner as to give innocent third persons the reasonable belief that the agent has authority to act for the principal and the third person reasonably relies thereon. One must look from the viewpoint of a third person to determine if apparent agency has been created. AAA Tire & Export, Inc. v. Big Chief Truck, 385 So.2d 426 (La.App. 1st Cir. 1980).
However, a third party can rely on the apparent authority of an agent only until an event occurs that would cause a reasonable man to inquire further into the circumstances. Radiofone v. Oxford Building Services, Etc., 347 So.2d 327 (La.App. 4th Cir. 1977).
He may not blindly rely on the assertions of an agent, but has a duty to determine, at his peril, whether the agency purportedly granted by the principal permits the proposed act by the agent. Bamber Contractors v. Morrison Engineering, 385 So.2d 327 (La.App. 1st Cir. 1980).
Sam Stewart was introduced to the plaintiffs as an advertising agent or salesman for Royal Shield. Although he had no specific office at Royal Shield, he was allowed to use any office that was vacant. He was paid by Royal Shield on a commission basis only.
While meetings were held at Royal Shield offices and Stewart and plaintiffs worked with other Royal Shield employees, nevertheless, all appearances and representations were consistent with the conclusion that Stewart, after being unable to sell a production contract for Royal Shield, was an independent producer employing, and paying for, the facilities at Royal Shield.
Even if circumstances created initially an appearance of apparent authority, the plaintiffs could no longer rely on this appearance after the production contract was signed by the plaintiffs and Stewart as producer without the name Royal Shield appearing anywhere in the contract.
Stewart’s statement that the rest of the contract price would be needed before the records were completed, contrary to the contractual terms, certainly should have alerted the plaintiffs.
*562 Plaintiffs argue that the present factual situation is similar to that in Thompson v. Great Midwest Fur Co., 395 So.2d 840 (La. App. 1st Cir. 1981). Although some of the factual circumstances are similar (the agent was introduced as a buyer for the principal and was allowed to use the principal’s phone as his business phone), other facts distinguish the cases. The president of the principal in Thompson was closely involved in the sale and implied on several occasions that the agent was acting on behalf of the principal.
Appellants argue that Rick Donell is liable individually for exceeding his authority. However, there was sufficient evidence that Mr. Donell only carried out his duties as production manager. After no contract between plaintiffs and Royal Shield was possible, he thought Stewart was producing the record for plaintiffs and that Royal Shield’s facilities were only being rented. His cashing of the check and giving the proceeds to Stewart, while questionable, was not relied upon by plaintiffs to their detriment.
We find no error in the trial court’s determination that Donell was not individually liable.
For these reasons, the judgment is affirmed at appellant’s cost.
AFFIRMED.